# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00503-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Google LLC's Motion for Leave to Supplement Its Invalidity Contentions.[1] (**Dkt. No. 130**). In the Motion, Google asks for leave to supplement its invalidity contentions with new information Google received from International Business Machines Corporation ("IBM"), Radware, Inc. ("Radware"), and Loadbalancer.org, Inc. ("Loadbalancer.org") (collectively, the "Third Parties") in response to subpoenas Google served a few days before serving its invalidity contentions. This Motion was filed several months after Google received the subpoenaed information and well after the deadline for submitting invalidity contentions. For the reasons described herein, the Court **DENIES** Google's Motion.

**I.  BACKGROUND**

Plaintiff Uniloc 2017 LLC ("Uniloc") filed this patent infringement action against Google on November 17, 2018. (Dkt. No. 141 at 2). Uniloc timely served its infringement contentions on May 6, 2019. While searching for system prior art, Google identified the Third Parties as having potentially-helpful information by May 17, 2019. (Dkt. No. 130 at 5). Google tried to acquire the

---

[1] After Google filed this Motion on November 25, 2019, Uniloc filed a December 9 response (Dkt. No. 141) to which Google filed a reply on December 16 (Dkt. No. 144) and Uniloc filed a December 24 sur-reply (Dkt. No. 147).

publicly available information about those systems. While somewhat successful, it felt the Third Parties may have more information and therefore, subpoenaed the Third Parties on July 10, 2019. (*Id.*). Five days later, Google served Uniloc with its invalidity contentions on July 15, 2019.[2] (*Id.*).

Loadbalancer.org, Radware, and IBM each produced documents related to their system on July 22, 2019, August 5, 2019, and September 9, 2019, respectively. (*Id.*). The parties exchanged their P.R. 4-1 disclosures on September 4, 2019, their P.R. 4-2 disclosures on September 25, 2019, and filed their P.R. 4-3 submission on November 6, 2019. (Dkt. No. 141 at 3). Yet, Google did not inform Uniloc of the existence of the materials obtained from the Third Parties until October 22, 2019, when Google sought to supplement its invalidity contentions. (*Id.* at 2). Uniloc opposed the supplementation and Google filed this Motion on November 25, 2019. Since this motion has been pending, the parties have also submitted complete claim construction briefing and the Court held a Markman hearing. (*See* Dkt. No. 134, Dkt. No. 143, Dkt. No. 146, Dkt. No. 156).

## II. ANALYSIS

Local Patent Rule 3-6, which governs changes to a party's invalidity contentions, requires a showing of good cause for untimely supplementation of invalidity contentions. *See* P.R. 3-6(b) ("[S]upplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause."). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic,*

---

[2] Normally, Google, as defendant, would have needed to serve its invalidity contentions on June 21, 2019—45 days after receiving the infringement contentions. *See* Patent Rule ("P.R.") 3-4. However, Google indicated that it needed more time and Uniloc agreed to push the deadline to July 15, 2019. Uniloc agreed to the later deadline under the condition that any additional extensions for P.R. 3-3/3-4 deadlines only be allowed upon a showing of good cause as it stated it needed the contentions to prepare for its P.R. 4-1, 4-2, and 4-3 *Markman* disclosures. (Dkt. No. 141 at 2).

*Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

### a. Explanation

"In the context of untimely amendments to invalidity contentions, the first factor—explanation—requires the amending party to show it was diligent both in discovering *and* in disclosing the prior art references." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00550-JRG-RSP, Dkt. No. 133, at *3–4 (E.D. Tex. Jan. 17, 2020) (emphasis in original) (collecting cases). A party must "explain why, with reasonable diligence, [it] could not have discovered" the relevant prior art references "prior to the deadline for filing Invalidity Contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014). "A party's failure to provide *any* adequate justification for its untimely disclosure materially weighs heavily in favor of rejecting the disclosure, and may even be sufficient standing alone to support exclusion." *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *3 (E.D. Tex. May 28, 2019) (emphasis in original) (collecting cases).

In this case, Google has not adequately demonstrated that it "exercised diligence in discovering the prior art." *See Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00493-JRG-RSP, 2019 WL 6465318, at *1 (E.D. Tex. Dec. 2, 2019) (quoting *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014)). As an initial matter, Uniloc claims that some of the requested documents were publicly available, giving a

Loadbalancer.org "administration manual" as an example. (*See* Dkt. No. 141 at 5 (referencing Dkt. No. 141-2)). If this information was publicly available, then Google should have been able to acquire this information, had it diligently searched for it, even without the subpoenas.

Next, Google claimed that it was aware of the of the prior art by May 17, 2019. Section I, *supra*, at 2. Yet, Google only subpoenaed the Third Parties on July 10, 2019 and provides no explanation for the delay.[3] Instead, Google states that the subpoenas were served before the invalidity contentions were due. While true, service was rendered only five days before the invalidity contentions deadline, a deadline that had been pushed back at Google's request. Google provides no further explanation for why it requested this information, information it had been aware of for months at that point, only a few days before it was due. The Court concludes that these actions do not support a finding of diligence.

Apart from Google's issues regarding discovery of the new information, Google also was not diligent in disclosing the alleged prior art. Google received the information from the Third Parties on July 22, 2019, August 5, 2019, and September 9, 2019, respectively. Yet, it did not disclose this information to Uniloc until October 22, 2019. Three months passed between Google first receiving a response to the subpoenas and its disclosure to Uniloc. During this time, the parties had begun the process of claim construction, exchanging proposed claim terms and preliminary claim constructions. Google provides no explanation this extended delay.

Thus, this factor weighs against granting leave to supplement Google's contentions.

### b. Prejudice

This factor is concerned with the prejudice that is likely to result from any supplementation. As an initial matter, the Court notes the tension between Google's prejudice and importance

---

[3] The Court does not consider Google's statement that it "explicitly reserved its right to supplement its contentions after receiving any additional discovery" as an explanation. (Dkt. No. 130 at 2).

arguments. Google argues that the new information has little prejudice because "the only additions . . . to Google's supplemental invalidity chart are of callouts and citations to documents from these Third Party productions, all of which are consistent with the disclosures already included in Google's initial claim charts." (Dkt. No. 130 at 9). Yet in its importance section, Google asserts the new information is "particularly important to Google's invalidity defense in view of Uniloc's interpretation of certain claim limitations . . . ." (*Id*. at 7). The tension is clear—either the new information is particularly important (and Uniloc must perform additional, unique work to respond) or the new information is cumulative of other prior art so no special action is needed. The new information cannot be both at the same time.

Uniloc asserts that it relied on Google's disclosures in formulating its claim construction materials.[4] It did not have the benefit of this new information for months during discovery, while Google did. It further was unable to know whether this information would be allowed while the motion was pending. Finally, the Court has already held a claim construction hearing, further disadvantaging Uniloc.

   c. **Importance**

This factor focuses on the importance of the evidence which may be excluded. As noted above, in the context of prior art, the importance of a given reference rises in proportion to the uniqueness of its substantive disclosures relative to other, previously-disclosed prior art. When a proposed reference's disclosures are substantively cumulative of the disclosures in other references

---

[4] Google argues that Uniloc barely relied on Google's invalidity disclosures. (Dkt. No. 144 at 4). Even if true, Uniloc should not have to suffer even a perceived disadvantage due to Google's lack of diligence. P.R. 3-6(b) is meant to be used in the rare situation where a party genuinely discovered key prior art after it submitted its invalidity contentions—not as a method to extend its deadline.

that have already been identified in a party's invalidity charts, such proposed reference offers little or no value probative value and is unlikely to be important.

Google has already identified at least 348 combinations of prior art references that allegedly render the patents-in-suit obvious in seventeen different sets of charts. (Dkt. No. 147 at 3). Google admits that it has already located and included information from the Third Parties that it found prior to submitting its invalidity contentions. (Dkt. No. 130 at 9). While Google declares that this information will allow additional detail, it does not adequately identify any disclosure in the new information that is distinct from Google's already-identified prior art. Accordingly, the Court has no basis to conclude that the new information would constitute important evidence at trial or otherwise.

Thus, this factor weighs against supplementation since the importance is low.

### d. Continuance

This factor is concerned with the availability and utility of a continuance to cure any harm that may result from permitting the untimely amendment. Neither party seeks a continuance, nor does the Court find a continuance would be appropriate.

Accordingly, Google's Motion for Leave to Supplement Its Invalidity Contentions is **DENIED**.

**SIGNED this 10th day of February, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE