**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017, LLC | |
| Plaintiff, | Case No. 2:18-cv-00503-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| GOOGLE LLC, | **FILED UNDER SEAL** |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S MOTION FOR AN AWARD OF
FEES AND COSTS PURSUANT TO 35 U.S.C. § 285**

## TABLE OF CONTENTS

I.      INTRODUCTION                                                                                            1

II.     PROCEDURAL BACKGROUND.................................................................................2

        A.      Uniloc's Infringement-Driven Claim Constructions Purposefully
                Ignored the Intrinsic Record of Its Own Patent .................................................2

        B.      Uniloc Maintained Its Allegations Despite Having No Legitimate Claim.............5

III.    ARGUMENT ........................................................................................................6

        A.      Google Is Entitled to an Award Under 35 U.S.C. § 285.........................................6

                1.      Google Is the Prevailing Party ...................................................................7

                2.      Uniloc's Litigation-Driven Claim Constructions Ignored the
                        Entirety of the Intrinsic Record..................................................................8

                3.      Uniloc Unnecessarily Prolonged the Litigation Despite
                        Having Numerous Opportunities to Dismiss the Case ...........................11

IV.     CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Automation Support, Inc. v. Humble Design, L.L.C.*,
734 F. App'x. 211 (5th Cir. 2018), *reh'g denied* (May 9, 2018) ............................................. 8

*Blackbird Tech LLC v. Health In Motion LLC*,
944 F.3d 910 (Fed. Cir. 2019) .............................................................................................. 11

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) ............................................................................................ 11

*Epps v. Fowler*,
351 S.W.3d 862 (Tex. 2011) .................................................................................................. 8

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517 (1994) ............................................................................................................... 7

*ICON Health & Fitness, Inc. v. Octane Fitness, LLC*,
706 F. App'x 666 (Fed. Cir. 2017) ....................................................................................... 10

*Intex Recreation Corp. v. Team Worldwide Corp.*,
77 F. Supp. 3d 212 (D.D.C. 2015) ........................................................................................ 11

*Iris Connex, LLC v. Dell, Inc.*,
235 F. Supp. 3d 826 (E.D. Tex. 2017) ................................................................................... 11

*MarcTec, LLC v. Johnson & Johnson*,
664 F.3d 907 (Fed. Cir. 2012) ................................................................................... 8, 9, 10, 13

*O.F. Mossberg & Sons v. Timney Triggers, LLC*,
955 F.3d 990 (Fed. Cir. 2020) ............................................................................................... 8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ............................................................................................................... 7

*Phonometrics, Inc. v. Westin Hotel Co.*,
350 F.3d 1242 (Fed. Cir. 2003) ............................................................................................. 13

*Raniere v. Microsoft Corp.*,
887 F.3d 1298 (Fed. Cir. 2018) .............................................................................................. 7

*Raylon, LLC v. Complus Data Innovations, Inc.*,
700 F.3d 1361 (Fed. Cir. 2012) ......................................................................................... 8, 11

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ................................................................................................7

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015) .............................................................................7

*Stephens v. Tech Int'l, Inc.*,
    393 F.3d 1269 (Fed. Cir. 2004) .............................................................................7

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
    549 F.3d 1381 (Fed. Cir. 2008) ........................................................................1, 7

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
    726 F.3d 1306 (Fed. Cir. 2013) ...........................................................................10

*Virtual Chart Sols. I, Inc. v. Meredith*,
    No. 4:17CV546, 2020 WL 1902530 (E.D. Tex. Jan. 13, 2020) ............................8

*WPEM, LLC v. SOTI, Inc.*,
    No. 2:18-CV-00156-JRG, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ................13

*Xiaohua Huang v. Huawei Techs., Co.*,
    No. 2:15-cv-001413-JRG-RSP, 2017 WL 1133201 (E.D. Tex. Mar. 27, 2017),
    *aff'd*, 735 F. App'x. 715 (Fed. Cir. 2018) .............................................................1

**Statutes**

28 U.S.C. § 1927 .........................................................................................................1

35 U.S.C. § 285 ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 41 .......................................................................................................7

Fed. R. Civ. P. 54 .......................................................................................................2

# EXHIBIT LIST[1]

Ex. 1       Plaintiff's Disclosures Pursuant to Local P.R. 3-1 and 3-2, Claim Chart, served
            May 6, 2019

Ex. 2       U.S. Pat. App. No. 12/813,420, Response to Office Action, filed January 17, 2012

Ex. 3       U.S. Pat. App. No. 12/813,420, Appeal Brief, filed July 9, 2012

Ex. 4       U.S. Pat. App. No. 12/813,420, Decision on Appeal, entered June 22, 2015

Ex. 5       U.S. Pat. App. No. 12/813,420, Notice of Allowability, mailed June 26, 2015

Ex. 6       *Uniloc 2017 LLC v. Google LLC* (Case Nos. 2:18-cv-00491, 2:18-cv-00503),
            Preliminary Constructions, issued January 8, 2020

Ex. 7       Excerpted *Markman* Hearing Transcript, January 8, 2020

Ex. 8       Letter from Nicholas Lee to James Etheridge, sent July 1, 2019

Ex. 9       Letter from Brett Mangrum to Counsel for Google, sent December 11, 2019

Ex. 10      Letter from Nicholas Lee to James Etheridge, sent March 24, 2020

Ex. 11      Letter from Ryan Loveless to Counsel for Google, sent April 3, 2020

Ex. 12      Letter from Nicholas Lee to Ryan Loveless, sent April 24, 2020

Ex. 13      Email from Shantell Gutrick to Counsel for Uniloc, sent July 15, 2019

Ex. 14      Defendant Google LLC's Preliminary Proposed Claim Constructions, served
            September 25, 2019

Ex. 15      Defendant Google LLC's Objections and Responses to Uniloc's First Set of
            Interrogatories (Nos. 1-7), served October 31, 2019

Ex. 16      Defendant Google LLC's First Supplemental Objections and Responses to
            Uniloc's First Set of Interrogatories (Nos. 3, 4 and 6), served March 27, 2020

Ex. 17      Excerpted Deposition Transcript of Sean Burdick, June 3, 2020

Ex. 18      Email from Shantell Gutrick to counsel for Uniloc dated June 10, 2020, producing
            technical documents

---

[1] All exhibits and citations to "Ex. ___" refer to the exhibits attached to the Declaration of
Michael A. Berta in Support of Defendant Google LLC's Motion for an Award of Fees and
Costs Pursuant to 35 U.S.C. § 285, filed concurrently herewith.

Ex. 19      Email chain regarding Uniloc's request for a hearing on June 2, 2020, regarding alleged deficiencies in Google's source code production

Ex. 20      Letter from Brian Koide to counsel for Google, dated May 29, 2020, regarding alleged deficiencies in Google's source code production

Ex. 21      Letter from Brian Koide to counsel for Google, dated May 30, 2020, regarding alleged deficiencies in Google's source code production

## I.   INTRODUCTION

From the outset, ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████. Uniloc should be held accountable for the fees and expenses Google

incurred defending against a case that never should have been filed, much less pursued for so long.

Google therefore moves this Court to declare this case exceptional and to award Google its

fees, expenses, and non-taxable costs, pursuant to 35 U.S.C. § 285, from the commencement of

the action.[2]

---

[2] From the commencement of the action through the date Uniloc dismissed this case, Google estimates the amount at issue to be $1,768,929.27, $1,745,975.76 of which are attorneys' fees and $22,953.51 of which are non-taxable costs.  Google further requests that the Court exercise its inherent authority to also award Google its experts' fees in the amount of $141,700.00 given Uniloc's "bad faith and vexatious litigation conduct" as set forth herein and in Google's Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1927, filed concurrently herewith.  *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008) (citations omitted); *Xiaohua Huang v. Huawei Techs., Co.*, No. 2:15-cv-001413-JRG-RSP, 2017 WL 1133201, at *3 (E.D. Tex. Mar. 27, 2017), *aff'd*, 735 F. App'x. 715 (Fed. Cir. 2018).  Google further requests recovery of its fees for the filing and defense of its motions for fees.  Accordingly, Google moves the Court to provide a schedule for Google's submission of evidentiary material bearing on the

## II.   PROCEDURAL BACKGROUND

### A.   Uniloc's Infringement-Driven Claim Constructions Purposefully Ignored the Intrinsic Record of Its Own Patent

On November 17, 2018, Uniloc filed this case against Google alleging, for the second time, that the health-checking functionality in Google Cloud Load Balancer ("GCLB") infringed U.S. Patent No. 9,141,489 ("the '489 patent"). Dkt. 1 at ¶¶ 83, 103.[3]  The '489 patent generally relates to a failover system in which a routing device monitors the operational status of servers via status messages that include a fingerprint generated by the server. ███████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

No reasonable litigant could have reconciled these infringement theories with the specification and prosecution history of the '489 patent.  The '489 patent describes the claimed "server" exclusively as a *physical* machine or device. Dkt. 1-1 at 4:52−54, 6:6−16, 6:32−42.  And each such server is identified with a unique "*hardware* fingerprint" (*i.e.*, "server fingerprint") that is generated from the server's "machine parameters," which are parameters "indicative of the server's configuration and *hardware*." *Id.* at Fig. 4, 4:32−41, 4:52−5:11, 5:25−41, 6:3−5, 6:47−55 (emphases added); *see also id.* at 4:34−41 ("As used herein, a hardware fingerprint is data characterized by being reliably reproducible by an application operating on a particular client

---

appropriate amount of fees in this case.  *See* Fed. R. Civ. P. 54 advisory committee's notes to 1993 amendment.

[3] Uniloc asserted the same claim against Google in Case No. 2:18-cv-457-JRG-RSP ("the -457 case"), which Uniloc previously dismissed.  -457 case, Dkt. 1, 8.

machine, while being virtually irreproducible by any other means, and virtually impossible to guess using any systematic or brute force algorithm.  In short, each fingerprint is a complex and unique data pattern generated from a stable system configuration of a particular client machine.").

Moreover, the Examiner allowed the patent to issue only after Uniloc confirmed that "servers" referred to *physical* machines and that the claimed "server fingerprint" had the meaning set forth in the specification.  In particular, the Examiner (1) withdrew his § 101 rejection after Uniloc asserted that the claimed "servers" were "hardware components" and (2) later emphasized that his reason for allowing the patent application was rooted in Uniloc's own definition of "fingerprint":

> Where "fingerprint" is defined in the specification in ¶ 21: "<u>As used herein, a hardware fingerprint is data characterized by being reliably reproducible by an application operating on a particular client machine, while being virtually irreproducible by any other means, and virtually impossible to guess using any systematic or brute force algorithm. In short, each fingerprint is a complex and unique data pattern generated from a stable system configuration of a particular client machine.</u>" . . .  In summary, the Board determine[d] that the data defined by the "fingerprint" as defined by "hardware fingerprint" (of applicant's ¶ 21) is not analogous to the checksum of Yoshimura (Yoshimura ¶ 89).

Ex. 5 at 2; *see also* Ex. 2 at 11 (Uniloc response to § 101 rejection arguing that the claims were "tied to a particular machine" because the recited "server" was a "hardware component"); Ex. 3 at 10−11 (Uniloc appeal brief distinguishing the Yoshimura reference because it described "virtual" machines that were "not realized in hardware" and asserting that, although Yoshimura's computers were capable of allocating and deallocating the virtual machines described therein, "computers are not yet capable of allocating and deallocating *physical hardware devices as complex as servers*") (emphasis added); Ex. 4 at 4 (PTAB decision relying on the Uniloc's definition of fingerprint in the specification to distinguish Yoshimura).

In view of this, ████████████████████████████████████████

███████████████████████████████████████████████████████ Google

informed Uniloc of these defects, but Uniloc refused to relent and drop the case.[4]

Instead, Uniloc urged the Court to ignore the intrinsic record and adopt proposed

constructions of "server" and "server fingerprint" aimed at manufacturing an infringement case

against Google.  With respect to "server," Uniloc argued that nothing "limits the term 'server' to

a hardware 'machine' or 'device.'"  *See* Dkt. 134 at 18−19.[5]  With respect to "server fingerprint,"

Uniloc stripped away every one of the requirements that it previously told the Examiner were

necessary by arguing that the "server fingerprint" could be *any* "*[d]ata* that can be used to

determine the validity of a status message from a server."  Dkt. 134 at 22–23 (emphasis added).

████████████████████████████████████ Consistent with the

intrinsic evidence, the Court construed "server" to mean:

> a *machine or device* that includes a hardware component, software component, or
> data component that provides services to other components,

confirming also that it was a "physical" machine or device.  Ex. 6 at 1; Dkt. 164 at 11; Ex. 7 at

32:2−33:2 (emphasis added).  The Court then construed "server fingerprint" according to the

intrinsic record:

> data that is reliably reproducible by an application operating on a *particular* client
> *machine*, while being virtually irreproducible by any other means, and virtually

---

[4] On July 1, 2019, Google informed Uniloc that its infringement contentions failed to identify
how █████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████."  Ex. 8 at 1−2.  U████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████ ████████████████████
███████████████████████████████████████████████████
████████████████████████████

[5] Uniloc proposed that the claimed "server" was a "computer-related entity, either hardware,
firmware, a combination of hardware and software, software, or software in execution, that
provides services to other components."  Dkt. 115-1 at 1.

> impossible to guess using any systematic or brute force algorithm.  In short, each fingerprint is a complex and unique data pattern generated from a stable system configuration of a ***particular*** client ***machine***.

Ex. 6 at 2 (emphases added); Dkt. 164 at 25.  In adopting those constructions, the Court clearly explained that "[c]ontrary to Plaintiff's contentions, . . . the intrinsic evidence indicates that the patentee intended the recited 'server' to include at least a physical machine or device" and that "the intrinsic evidence provides an explicit definition for the term 'server fingerprint.'"  Dkt. 164 at 11, 21; *see also id.* at 24 (explaining that Uniloc's proposed construction plainly "ignores the intrinsic evidence and attempts to replace the explicit definition provided the patentee").

### B.    Uniloc Maintained Its Allegations Despite Having No Legitimate Claim

Uniloc refused to give up its baseless claims despite Google's continued efforts to point out the fatal flaws in Uniloc's infringement allegations.  For instance, on March 24, 2020, Google sent a letter explaining that Uniloc had no basis to maintain this suit, especially in view of the Court's Claim Construction Order.  Ex. 10 at 1.  Google again explained that ███████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████ *Id.* at 3–4.  G███████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████ *Id.* █████████████████████████████████████████████████████ ███████████████████████████nt. *Id.* at 4−5.[6]

---

[6] On March 27, 2020, Google also provided a 22-page interrogatory response further detailing the documentary and source code evidence proving non-infringement (Ex. 16 at 5–26), all of which was consistent with its March 24, 2020 letter.

Uniloc's April 3, 2020 response did not address the substantive deficiencies raised in Google's letter, and ███████████████████████████████████████████████████ ███████████████████████████████ Google responded with a letter on April 24, 2020, ██████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████e. Ex. 12 at 1–4. Uniloc never responded.  Instead, █████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████.[7]

In the entirety of this case, ████████████████████████████████████████████ ███████████████████████████. *See, e.g.,* Ex. 1; Ex. 9; Ex. 11. ██████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████r.  Dkt. 289. ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████s.

## III.   ARGUMENT

### A.   Google Is Entitled to an Award Under 35 U.S.C. § 285

Section 285 authorizes courts to award reasonable attorney fees to the "prevailing party" in "exceptional cases."  35 U.S.C. § 285.  An exceptional case is one that, based on the totality of circumstances, "stands out from others" when considering the merits of the case and the manner

---

[7] 
████████████████████████████████████████████████████████████████ ████████████████████████████████████. Dkt. 265. ████████████████████████ █████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████." (Exs. 19−21; Dkt. 287.) F████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████. (Dkt. 289 ██████████████████████████████.)

in which it was litigated.  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts consider, among other things, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *E.g.*, *id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).  "A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have known was baseless."  *Stephens v. Tech Int'l, Inc.*, 393 F.3d 1269, 1273–74 (Fed. Cir. 2004) (citation omitted).  In addition, "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285."  *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015).  A pattern of bad faith conduct can further justify the exercise of the court's inherent authority to also award reasonable expert fees "in excess of what is provided by [Section 285]."  *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008).

### 1.     Google Is the Prevailing Party

Uniloc previously dismissed an action on Google's alleged infringement of the '489 patent in the -457 case.  And, in this case, Google neither answered nor moved for summary judgment prior to Uniloc's second dismissal.  Thus, ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████.  As the Federal Circuit has recognized, an "adjudication of the merits" is synonymous with the phrase "with prejudice" and is, in fact, "the opposite of a 'dismissal without prejudice.'"  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*,

531 U.S. 497, 505 (2001)).  As such, Uniloc's "dismissal with prejudice of [its] infringement suit was tantamount to a decision on the merits, making it sufficient to establish [Google] as [the] prevailing part[y]." *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17CV546, 2020 WL 1902530, at *7 (E.D. Tex. Jan. 13, 2020), *R&R adopted*, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020) (citations omitted).[8]

### 2. Uniloc's Litigation-Driven Claim Constructions Ignored the Entirety of the Intrinsic Record

Uniloc's case was premised 

. Uniloc thereby crossed the "threshold below which a claim construction is so unreasonable that no reasonable litigant could believe it would succeed." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012) (citation omitted); *see also id.* at 1374 (Reyna, J. concurring); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 918 (Fed. Cir. 2012) ("[W]e agree with the district court that [the patentee's] proposed

---

[8] ███████████████████████████████████████████████████████.  *See* Dkt. 295 at 1–2.  In the 5th Circuit, such a *res judicata* effect materially alters the relationship between the parties sufficient to confer prevailing party status on Google.  *Automation Support, Inc. v. Humble Design, L.L.C.*, 734 F. App'x. 211, 215 (5th Cir. 2018), *reh'g denied* (May 9, 2018) ("Further, '[t]he res judicata effect of a nonsuit with prejudice works as a permanent, inalterable change in the parties' legal relationship to the defendant's benefit . . . .  As such, we hold that a defendant is a prevailing party when a plaintiff nonsuits a case with prejudice.'") (quoting *Epps v. Fowler*, 351 S.W.3d 862, 868–69 (Tex. 2011)).  To the extent Uniloc contends that Google is not a prevailing party in these circumstances, it would be mistaken.  In *O.F. Mossberg & Sons v. Timney Triggers, LLC*, judicial imprimatur was deemed necessary in a case that was voluntarily dismissed ***without prejudice*** and effective without court order.  955 F.3d 990, 993 (Fed. Cir. 2020).  The Federal Circuit held that, absent a final court decision and a change in the legal relationship of the parties, the defendant could not be a prevailing party.  *Id.* Here, as explained, there is no dispute that there is a material change in the parties' legal relationship.  Moreover, the two-dismissal rule creates a final decision that provides the requisite *imprimatur* to confer prevailing party status on Google.  Indeed, Uniloc argues that no further Court action is necessary in these circumstances.  *See* Dkt. 295 at 1 ("[T]here is no occasion for this Court to make . . . a determination" of whether Uniloc's second dismissal "should be deemed a dismissal with prejudice.").

construction, which ignored the entirety of the specification and the prosecution history, and thus was unsupported by the intrinsic evidence, was frivolous and supports a finding of bad faith.").

In *MarcTec*, the patentee "disclaimed stents to overcome the prior art" then "turn[ed] around and assert[ed] infringement against the [defendant's] stent." *MarcTec*, 664 F.3d at 919. The Federal Circuit found that case exceptional because the patentee "ignored language in the specification and statements made during prosecution that directly contradicted the [claim construction] arguments it advanced." *Id.* at 920.

Here, Uniloc asserted infringement ███████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████

Uniloc's proposed construction of "server fingerprint" was s████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Uniloc

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████" Dkt. 164 at 24.

Uniloc used unreasonable claim constructions to advance an otherwise baseless infringement theory that was untethered from the intrinsic record, and that misconduct renders this case exceptional. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████   ███████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████

Courts regularly find that attorney fees are warranted under similar circumstances, especially where, as here, any reasonable litigant would have rejected the patentee's proposed claim constructions after reviewing the intrinsic record. *See, e.g., ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 706 F. App'x 666, 669 (Fed. Cir. 2017) (affirming attorney fee award when patentee's claim construction arguments "were wholly at odds with the patent text, prosecution history, and inventor testimony, and would have resulted in impermissibly broad claims"); *Taurus*

---

[9] ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████.

■

*IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327, 1329 (Fed. Cir. 2013) (affirming attorney fee award because "the written description provide[d] no support for [the patentee's] unreasonably broad construction and instead limit[ed] the term"); *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1326, 1329 (Fed. Cir. 2011) (affirming attorney fee award "because the written description clearly refute[d] [the patentee's] claim construction"); *see also Raylon*, 700 F.3d at 1368–71 (finding that the patentee relied on a proposed construction that was "contrary to all the intrinsic evidence and d[id] not conform to the standard canons of claim construction"); *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 914, 916–19 (Fed. Cir. 2019) (affirming fees award because plaintiff's "litigation position was 'meritless' and 'frivolous'" and "even a modicum of due diligence . . . would have revealed the weaknesses in [plaintiff's] litigation position"; and also where plaintiff "filed over one hundred patent infringement lawsuits, [where] none have been decided[] on the merits." (citations omitted)); *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 846–48 (E.D. Tex. 2017) (awarding fees where proposed constructions were "completely divorced from the claim language and the specification, and was an attempt to turn the claim language on its head" and aimed "in light of the accused device."); *Intex Recreation Corp. v. Team Worldwide Corp.*, 77 F. Supp. 3d 212, 215–17 (D.D.C. 2015) (awarding fees where plaintiff's infringement arguments and claim constructions "directly contradicted . . . the patent specification").

### 3.    Uniloc Unnecessarily Prolonged the Litigation Despite Having Numerous Opportunities to Dismiss the Case

An adequate pre-suit investigation would have revealed that Uniloc's case was meritless all along.  Uniloc ignored the evidence that contradicted its infringement theory and knew, or should have known, throughout this case that its claim lacked merit.  There were red flags all along, for example:

- On June 10, 2019, ███████████████████████████████████████
███████████████████████████████████████     (*see* Ex. 18; *see also* Exs. 1, 9,

11);

- On July 1, 2019, ███████████████████████████████████
███████████████████████████████████████████████████
█████████t" (Ex. 8 at 1−2);

- On July 15, 2019, ███████████████████████████████████
███████████████████████████t (*see* Ex. 13);

- On September 25, 2019, Google served its P.R. 4-2 disclosures, proposing constructions for "server" and "server fingerprint" that were consistent with the intrinsic record ████ █████████████████████████ (Ex. 14, Ex. A at 8, 10);

- On October 31, 2019, Google served an interrogatory response, ████████████ ███████████████████████████████ (Ex. 15 at 9−12);

- On November 6, 2019, Google's portion of the parties' joint claim construction statement █████████████████████████████████████████████████████ █████████████s (Dkt. 115-3 (*e.g.*, at 1, 3));

- On December 14, 2019, Google filed its responsive claim construction brief, which ████ ████████████████ (Dkt. 143 at 15–24);

- On January 8, 2020, the Court provided preliminary constructions ███████████ ███████ (Ex. 6 at 1−2; Ex. 7 at 32:2−33:2, 58:11−15);

- On January 30, 2020, the Court issued its claim construction order, ███████████ ████████████████████████████e (Dkt. 164 at 11, 24–25);

- On March 24, 2020, Google sent another letter to Uniloc ██████████████████ ████████████████████████████████████████████████████████████████h § 285 (Ex. 10);

- On March 27, 2020, ████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████f (Ex. 16 at 10−26);

- On  April  24,  2020,  Google  sent  another  letter  █████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████" (Ex. 12);

- On June 2, 2020 ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████ (*see* Berta Decl. ¶ 3; *see also* Note 6, *supra*).

The bad faith behind Uniloc's filing and maintenance of this case warrants a finding that this case is exceptional.  *WPEM, LLC v. SOTI, Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545, at *3−4 (E.D. Tex. Feb. 4, 2020); *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246−47 (Fed. Cir. 2003).  Persisting with a frivolous case, especially after Google repeatedly informed Uniloc that it lacked merit, provides an independent basis for awarding attorney fees.  *MarcTec*, 664 F.3d at 920–21 ("[Plaintiff] not only initiated a frivolous lawsuit, it persisted in advancing unfounded arguments that unnecessarily extended this litigation and caused [defendant] to incur needless litigation expenses.  This vexatious conduct is, by definition, litigation misconduct, and provides a separate and independent basis supporting the district court's determination that this case is exceptional.").

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that this motion be granted, and that Google be granted all additional relief that the Court, in its inherent power, deems appropriate.

Dated:  July 6, 2020

*/s/ Michael A. Berta, with permission by*
*Michael E. Jones*_____
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
Patrick C. Clutter

State Bar No. 24036374
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Michael A. Berta
Michael.berta@arnoldporter.com
Marty Koresawa
Marty.Koresawa@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Nicholas H. Lee
Nicholas.lee@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4000
Fax: 213-243-4199

David A. Caine
David.Caine@arnoldporter.com
Bonnie Phan
Bonnie.Phan@arnoldporter.com
Carson Anderson
Carson.Anderson@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
3000 El Camino Real Five Palo Alto Square,
Suite 500
Palo Alto, CA  94306-3807
Tel: 650-319-4500
Fax: 650-319-4700

Paul Margulies
Paul.Margulies@arnoldporter.com

Nicholas M. Nyemah
nicholas.nyemah@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC  20001-3743
Tel: 202-942-5000
Fax: 202-942-5999

Mark Samartino
mark.samartino@arnoldporter.com
Patrick Reidy
Patrick.Reidy@arnoldporter.com
ARNOLD & PORTER
KAYE SCHOLER LLP
70 West Madison Street Suite 4200
Chicago, IL  60602-4231
Tel: 312-583-2300
Fax: 312-583-2360

*Attorneys for Google LLC*

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel for Google has complied with the meet and confer requirement in Local Rule CV-7(h).  The personal conference required by Local Rule CV-7(h) was conducted on July 6, 2020 via telephonic conference with the following participants: Jim Etheridge, Ryan Loveless and Travis Richins on behalf of Uniloc 2017, LLC, and Michael Jones, Patrick Clutter, Robert Unikel, Gregory Lanier, Tracy Stitt, and Nicholas Lee on behalf of Google LLC.  Agreement could not be reached as to the items presented to the Court in this Motion because the parties disagree as to whether Google should be awarded fees and non-taxable costs.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.  This motion is opposed.

*/s/ Michael E. Jones*
Michael E. Jones


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 6, 2020.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on July 6, 2020.

*/s/ Michael E. Jones*
Michael E. Jones