# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00503-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM ORDER

Before the Court are two Motions, both filed by Defendant Google LLC: the Motion for Attorneys' Fees and Expert Fees Pursuant to 35 U.S.C. Section 285 and the Motion for Fees and Costs Pursuant to 28 U.S.C. § 1927 (collectively, the "Motions"). Dkt. Nos. 298, 299.

## I.    BACKGROUND

Plaintiff Uniloc 2017 LLC filed this action against Google, as well as a dozen others asserting different patents, in late 2018. In this case, Uniloc alleged that the health-checking functionality in Google Cloud Platform ("GCP"), including the virtual machines within GCP, infringed various claims of U.S. Patent No. 9,141,489. *See* Dkt. No. 1 at ¶¶ 79–109. The '489 patent generally relates to a failover system in which a routing device monitors the operational status of servers via status messages that include a fingerprint generated by the server. Dkt. No. 1-1 at Abstract. Uniloc served its infringement contentions in May 2019.

Uniloc alleged that the "server" limitation was met by GCP's virtual machines and the "fingerprint" limitation was met by GCP's usage of SSL in connection with GCP's Load Balancing and Health Test. Uniloc provided support for its allegations. *See* Dkt. No. 305 at 2–3 (citing Dkt. No. 305-2 at 1–3, 6–23, 35; Dkt. No. 305-5 at ¶¶ 3, 5–13, 15–18, 20–21); *see also* Dkt. No. 298 at ii (citing Dkt. No. 1 at ¶¶ 84, 85, 89, 92, 93, 96, 102; Dkt. No. 298-2 at 1, 3, 11, 12, 20, 22, 29, 34,

50, 54, 58, 61, 67, 72).[1]  The parties clearly disagree on what Uniloc needed to show to prove

infringement. Google disclosed some of its materials, such as source code, in support of its case.[2]

The Court construed disputed claim terms after holding a claim construction hearing in

January 2020. Relevantly, the Court construed "server" as "machine or device that includes a

hardware component, software component, or data component that provides services to other

components" and "server fingerprint" as

> data that is reliably reproducible by an application operating on a particular client machine,
> while being virtually irreproducible by any other means, and virtually impossible to guess
> using any systematic or brute force algorithm. In short, each fingerprint is a complex and
> unique data pattern generated from a stable system configuration of a particular client
> machine.

Dkt. No. 164 at 11, 25. On March 24, 2020, Google sent Uniloc a letter explaining why it believed

Uniloc had no basis to maintain the suit in view of the Court's Claim Constriction Order. Google

argued (1) the accused system lacked a hardware "server" because it used only virtual machines;

and (2) the accused health checking functionality did not rely upon SSL certificates and private

keys. Dkt. No. 298-11 at 4–6; *see also* Dkt. No. 298-13 at 3–5 (similar letter on April 24).

In May 2020, the Court placed Uniloc's nine remaining active cases against Google into

three trial groups and scheduled three one-week trials for all nine cases. On June 5, 2020, Uniloc

asked for this case to be dismissed, along with two others, so that one case from each of the trial

groups would be eliminated. Dkt. No. 290. Google filed the present Motions soon after.[3]

---

[1] Google argues that the Declaration of Palash Kacholia, Dkt. No. 305-5, should be disregarded. Dkt. No. 314 at 3 n.1.
This issue is moot, however, because the Court arrived at its conclusion without needing to rely on this declaration.
[2] The parties fought over source code production for months. Uniloc took the position that it could not review the
produced source code without some guide or resource explaining what it was looking at. *See e.g.,* Dkt. No. 207.
[3] Google filed similar motions in in the two other dismissed cases: Case Nos. 2:18-cv-497 and 2:18-cv-503.

## II.     LEGAL STANDARD

### a.   35 U.S.C. § 285

A district court "may award reasonable attorney fees to the prevailing party" if the case is "exceptional." 35 U.S.C. § 285. A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

"[C]ourts contemplating an award of attorney's fees should consider the totality of the circumstances in the case." *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation) (citing *id*.). "The totality of the circumstances standard is not, however, an invitation to a 'kitchen sink' approach where the prevailing party questions each argument and action of the losing party in an effort to secure attorney's fees." *Id.* "[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith." *Id.* at *4 (citing *Octane*, 572 U.S. at 548).

Whether a case is exceptional is within the sound discretion of the district court. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). The Supreme Court and Federal Circuit have recognized that it is "the district court . . . that lives with the case over a prolonged period of time" and as such, "is better positioned to decide if the case is exceptional." *Id.* (internal quotation marks and citation omitted); *see also Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 953 (Fed. Cir. 2010) (expressing "reluctance to second-guess the judgment of trial judges who typically have intimate knowledge of the case").

### b.   28 U.S.C. § 1927

Counsel who "unreasonably and vexatiously" multiplies legal proceedings can be held liable for fees and costs. 28 U.S.C. § 1927. Unreasonable and vexatious behavior means "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted). "Conduct is unreasonable and vexatious if there is evidence of the persistent prosecution of a meritless claim and of a reckless disregard of the duty owed to the court." *Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019) (internal quotation marks and citations omitted). To "shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless." *Id*. at 637 n.13 (citations omitted).

### III.   ANALYSIS

Google argues that Uniloc pursued an implausible infringement theory that stood no chance of success. Dkt. No. 298 at 1. Google also argues that Uniloc's counsel had "unfettered control" over this case and should be held jointly and severally liable for the actions discussed in its 285 Motion. Dkt. No. 299 at 1.

Google raises two major points. First, Google argues that its virtual machines cannot be the claimed "servers" because servers require a hardware component, unlike its virtual machines. It argues Uniloc made this point during prosecution of the patent. Dkt. No. 298-4 at 10–11. Second, Google argues that its GCP does not meet several of the limitations of the claimed "server fingerprint." In fact, it argues that its GCP does not even use SSL. It further contends that an adequate pre-suit investigation would have revealed that Uniloc's case was meritless and this was further reinforced throughout the case. It also argues that Uniloc's counsel intentionally ignored the weakness of its client's position, which led to more litigation then necessary.

Uniloc responds that it acted reasonably in dismissing this case. Uniloc first counters that it dismissed this case to narrow the issues for the jury and create overall judicial efficiency for the overall trial process, which is conduct that is encouraged by the Court. Dkt. No. 305 at 5 (citing *VirnetX Inc. v. Cisco Sys.*, No. 6:10-CV-417, 2014 U.S. Dist. LEXIS 200766, at *20 (E.D. Tex. Mar. 28, 2014). It also argues that it had a reasonable infringement case for both of the terms brought up by Google.

For the "server" term, it argues that Google's virtual machines are machines with multiple hardware components, such as processors, memory, and storage. It points to Google's documentation, which acknowledges that its virtual machines are machines, explaining that the user uses "virtual machines (VMs), called instances, to build your application, much like you would if you had your own hardware infrastructure." Dkt. No. 1 at ¶ 84; *see also* Dkt. No. 298-2 at 4. It next distinguishes the cited prosecution history. Uniloc contends that the argument there was focused on a different issue entirely. It also explains that the prior art dealt with "virtual servers" as opposed to Google's "virtual machines" which are different.

As for Google's argument regarding the "server fingerprint" term, Uniloc argues that Google's public documentation and source code support Uniloc's allegation that Google uses SSL encryption. Google, according to Uniloc, points to irrelevant portions of the code. Dkt. No. 305 at 8 (discussing the alleged "null" setting for SSL). When looking at the key parts, Uniloc still contends that Google may infringe. Uniloc also explains how all the relevant limitations are met. It then characterizes Google's arguments as "unsupported attorney argument." *See id*. at 8–9.

Uniloc ends by arguing that it litigated this case reasonably and in good faith. It contends that it reasonably believed Google's virtual machines met the "server" and "server fingerprint" limitations of the claims. It argues that the reasonableness of its position is supported by the fact

that Google did not raise an issue with Uniloc's infringement theories until months after the Claim Construction Order issued. *Id*. at 10. It therefore asks that the Motions be denied.

The Court has reviewed the arguments made by both sides. Google has not shown that Uniloc had "arguments that were frivolous or made in bad faith." *Stragent*, 2014 WL 6756304, at *4 (citing *Octane*, 572 U.S. at 548). The key question is whether Uniloc's positions and conduct stood out from the norm. They did not in this case. Accordingly, taking all factors into account and in light of the Court's extensive experience with both parties, the Court finds that the facts here do not give rise to the extraordinary circumstances needed to declare the case exceptional. For similar reasons, Google has not shown that Uniloc's counsel "unreasonably and vexatiously" multiplied the proceedings in this case.

## IV.    CONCLUSION

For the reasons stated herein, the Court **DENIES** Google's Motions. Dkt. Nos. 298, 299.

**SIGNED this 13th day of December, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE